IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**FEMCO ACQUISITION, L.L.C.,**        )
                                       )
    Plaintiff,                         )
                                       )
vs.                                    )    **2:06cv1654**
                                       )    **Electronic Filing**
**ALLIED GATOR, INC,**                 )
                                       )    Judge Cercone
    Defendant.                        )
                                       )

## **MEMORANDUM ORDER**

    AND NOW, this 29th day of October, 2007, upon due consideration of defendant's motion to dismiss or alternatively to transfer and the parties' submissions in conjunction therewith, IT IS ORDERED that defendant's motion be, and the same hereby is, granted in part and the Clerk of Court is directed to transfer the action to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. §1404(a). The motion is denied in all other aspects.

    Defendant's effort to obtain relief pursuant to §1406(a) is unpersuasive. Transfer or dismissal pursuant to §1406(a) is not appropriate when a case has been filed in a suitable venue. See Lafferty v. Gito St. Riel, 495 F.3d 72, 77 (3d Cir. 2007) ("Section 1406(a) comes into play where plaintiffs file suit in an improper forum."). Venue in the Western District of Pennsylvania is proper under 28 U.S.C. §1391(a)(2), because a substantial part of the contract was performed in this district and a substantial part of the property which is the source of the parties' dispute, the defendant's castings on which the plaintiff performed services, is situated in Allegheny County. Thus, defendant's request of dismissal or transfer pursuant to 28 U.S.C. §1406 must be denied.

    In contrast, a transfer pursuant to 28 U.S.C. §1404(a) to the United States District Court for the Northern District of Ohio stands on different footing. Because this case could have originally been commenced in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. §1332 and the parties entered into an agreement containing a valid forum selection clause, §1404(a) is the proper procedural mechanism under which to evaluate

defendant's request for transfer. See Lafferty, 495 F.3d at76 ("Section 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum.").

A motion to transfer under §1404(a) requires the district court to perform a case-specific analysis and to weigh all relevant factors in determining whether on balance the litigation would more conveniently proceed and the interests of justice would be better served by the requested transfer to a different forum. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). The analysis is flexible and must be guided by the facts and circumstances of the case. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 249-50 (1981); Van Dusen v. Barrack, 376 U.S. 612, 623 (1964); Sandvic, Inc. v. Continental Ins. Co., 724 F. Supp. 303, 307 (D. N.J. 1998).

Where the plaintiff has chosen a legally correct forum which is the forum of the plaintiff's residence, there is a strong presumption in favor of the plaintiff's choice which should not be lightly disturbed. Shutte v. Armco Steel Co., 431 F.2d 22, 25 (3d Cir. 1970), cert. denied, 401 U.S. 910 (1971). However, such deference to the plaintiff's choice of forum is not dispositive, especially when it is in contravention to the parties' privately agreed upon forum. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (U.S. 1988) ("The presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's calculus."); Jumara, 55 F.3d at 880 ("Thus, while courts normally defer to a plaintiff's choice of forum, such deference is inappropriate where the plaintiff has already freely contractually chosen an appropriate venue."). Where the opponent of the forum selection clause has not established "'fraud, influence, or overweening bargaining power,' ... the [opponent] bear[s] the burden of demonstrating why [the parties] should not be bound by their contractual choice of forum." Id (quoting The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12-13 (1972)).

Under the terms of the defendant's purchase orders, plaintiff consented to an exclusive forum selection clause that mandated suit in the United States District Court for the Northern

District of Ohio or an appropriate Ohio state court. As there is nothing in the record that demonstrates fraud, influence, or unequal bargaining power, plaintiff bears the burden of establishing why the court should not transfer the case in accordance with the parties' contractually agreed upon forum.

      Plaintiff has not met its burden.  Plaintiff has merely established that the Western District of Pennsylvania is a convenient forum; it has not demonstrated that the Northern District Ohio would be an inconvenient forum. Thus, the forum selection clause is enforceable. See Salovaara v. Jackson National Life Ins. Co., 246 F.3d 289, 298-300 (3d Cir. 2001) (recognizing "forum selection clause" providing that "[n]o such claim shall be commenced, prosecuted or continued in any forum other than the courts of the State of New York located in the City and County of New York or in the United States District Court for the Southern District of New York" as a clear and unambiguous expression of parties' selection of an exclusive forum); Cresent International, Inc. v. Avatar Communities, Inc., 857 F.2d 943, 944 (3d Cir. 1988) (enforcing as exclusive "forum selection clause" provision in real estate contract mandating that "any litigation upon any of [the agreement's] terms ... shall be maintained" in a state or federal court in Miami, Florida). Accordingly, defendant's motion to transfer to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. §1404(a) appropriately has been granted.[1]

                                               s/ David Stewart Cercone
                                               David Stewart Cercone
                                               United States District Judge

---

[1] Although the defendant has made a 12(b)(6) motion requesting dismissal as a means of enforcing the parties' forum selection clause, this court is exercising its discretion to transfer pursuant to §1404(a). See Salovaara v. Jackson Nat'l Life Ins. Co., 246 F.3d 289, 299 (3d Cir. 2001) ("We acknowledge that, as a general matter, it makes better sense, when venue is proper but the  parties have agreed upon a not-unreasonable forum selection clause that points to another federal venue, to transfer rather than dismiss.").

cc: Matthew B. Taladay, Esquire
Hanak, Guido and Taladay
P.O. Box 487
DuBois, PA 15801

F. Timothy Grieco, Esquire
Eckert Seamans Cherin & Mellott, LLC
44th Floor, 600 Grant Street
Pittsburgh, PA 15219